### Commonwealth v. Bailey

*Louis di Giovanni*, for Commonwealth.

*Charles Blasband*, for defendant.

KNIGHT, P. J., October 21, 1949.—Ruth Lucas has presented a petition to this court, setting forth that on October 27, 1932, she entered into a purported marriage with one Alfonso Bailey.

That, at that time, Alfonso Bailey was lawfully married to one Hattie Wilson, and that as of November term, 1932, this court did, on April 3, 1933, sentence Alfonso Bailey to pay the costs of prosecution, and undergo imprisonment for three months on a bill of indictment charging bigamy.

Petitioner prays this court to amend its sentence, to add thereto:

"The bigamous marriage of the defendant Alfonso Bailey and Ruth Lucas on the 27th day of October, 1932, is adjudged and declared null and void."

"It is the common and approved practice in Pennsylvania for the Court of Quarter Sessions, on the conviction of a defendant of the crime of bigamy, to formally pronounce void the bigamous marriage": 1 Freedman, Law of Marriage and Divorce in Pennsylvania, 871, §382.

Mr. Freedman cites as his authority for the above statement, four lower court decisions:

Commonwealth v. Walinski, 18 Dist. R. 504 (Q. S., Phila., 1909) ; Commonwealth v. Welsh, 39 Pa. C. C., 611 (Q. S., Phila., 1912) ; Commonwealth v. Kaiser, No. 2, 24 Dist. R. 74 (Q. S., Fayette Co., 1914) ; Commonwealth v. Clauges, 19 D. & C. 643 (Q. S., Delaware Co., 1933).

This practice came to the attention of the Superior Court in Commonwealth v. Spohn, 95 Pa. Superior Ct. 261 (1928). The fact that the Philadelphia Municipal Court had declared the second marriage null

and void was nowhere in the opinion objected to as being incorrect procedurally where such declaration is made as part of the order of court in a bigamy case. The court treated the matter as an accepted policy.

We believe the reasoning of the courts as set forth in the above cited lower court cases, is sound, and therefore hold that this court had the power in 1933 to include in its sentence the declaration prayed for by the petitioner.

May we add this declaration to the sentence, 16 years after the sentence was imposed?

That a judgment of sentence may not be amended or changed after the term has expired, is horn book law, and the rule cannot be avoided by declaring the amendment a change nunc pro tunc.

The court has no power to alter its judgment after a lapse of several terms (Ullery v. Clark, 18 Pa. 148), except in cases where there are equitable grounds for interference such as fraud in obtaining the judgment: Reider v. Hershey Traction Co., 31 Dauph. 139 (1928).

We view it in this light: if the rights of anyone, including this petitioner, would be affected by the prayed for addition to our sentence, then the amendment is prohibited by the after-term rule. If, on the contrary, no one's rights are affected by the proposed change, there is no purpose in making it, except to establish a precedent, which may come back to haunt us.

We are therefore of the opinion that we cannot, and should not, amend our sentence entered 16 years ago.

We take this view more readily because petitioner has an adequate, effective method of obtaining an annulment of her bigamous marriage through proceedings under the Divorce Act.

And now, October 21, 1949, the rule is discharged and the petition dismissed.